UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
**JACKSONVILLE** DIVISION

FITZGERALD BELGRAVE,

      Plaintiff,                    Case No.:

v.

THE SCHOOL BOARD OF FLAGLER
COUNTY, FLORIDA, a Political subdivision
of the state of Florida,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Fitzgerald Belgrave, by and through his undersigned trial counsel and files his Complaint and Demand for Jury Trial against the Defendant The School Board of Flagler County, Florida, and alleges:

### *JURISDICTION AND VENUE*

1. This is a single count Complaint for violation of *Title VII* of the *Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.* [Count I].

2. This Court has subject matter jurisdiction pursuant to *28 U.S.C. §§ 1331* and *1343.*

3.     Venue is proper in this District pursuant to *28 U.S.C. § 1391* because the events giving rise to these claims occurred in Flagler County, Florida.

4.     On or about February 18, 2026, Plaintiff, Fitzgerald Belgrave received the Notice of Right to Sue.  *See, Exhibit* "A."

*GENERAL ALLEGATIONS*

5.     At all times material, Plaintiff, Fitzgerald Belgrave, is an African American male previously employed by the Defendant, The School Board of Flagler County, Florida in Flagler County, Florida.

6.     At all times material, The Defendant, The School Board of Flagler County, Florida, was and continues to be a political subdivision of the state of Florida with its principle place of business located at 1769 East Moody Boulevard, Building Suite 2, Bunnell, Florida 32110.

7.     On or about November 9, 2021, the Defendant, The School Board of Flagler County, Florida, placed Plaintiff, Fitzgerald Belgrave, after being accused of dragging a student across a classroom.

8.     Investigations conducted by the Florida Department of Children and Families and the Flagler County Sheriff's Office determined that the allegation unfounded.

9.     Plaintiff, Fitzgerald Belgrave, later learned that the paraprofessional

who filed the abuse report attempted to retract the complaint, stating that she had been intimidated into filing it.

10.    Despite this information, the Defendant, The School Board of Flagler County, Florida, failed to discipline or investigate the alleged intimidation. Plaintiff, Fitzgerald Belgrave, filed an appeal and harassment complaint; however, the appeal was dismissed.

11.    On or about July 6, 2023, during summer break, Plaintiff, Fitzgerald Belgrave, attended a meeting with Principal Bobby Bosserdet regarding positions for Athletic Director and Head Basketball Coach. Instead of discussing the positions, Fitzgerald Belgrave was reprimanded and accused of threatening to leave if not promoted. Fitzgerald Belgrave was told he would not be able to transfer to other positions within Flagler County schools.

12.    During this meeting, Principal Bobby Bosserdet referenced Plaintiff, Ftizgerald Belgrave's mother's drug addiction and death reasonably perceived as racially charged commentary tied to the school's predominantly African-American population.

13.    On or about July 10, 2023, the Defendant, The School Board of Flagler County, Florida informed Plaintiff, Fitzgerald Belgrave, he would be team teaching with Ms. Luann Reel. Fitzgerald Belgrave informed Assistant Principal Althea

Thompson of prior documented negative interactions with Ms. Reel, including:

a.    Ms. Reel failing to assist Fitzgerald Belgrave during a student's self-injurious behavioral crisis;

b.    Ms. Reel's alleged role in pressuring a paraprofessional to file the 2021 false abuse complaint against Fitzgerald Belgrave.

14.    Plaintiff, Fitzgerald Belgrave's concerns were ignored and his request to be moved was ultimately denied.

15.    In October 2023, Mr. Luann Reel referred to Plaintiff, Fitzgerald Belgrave's classroom as "The Dark Side" on multiple occasions. A paraprofessional reported this to Ms. Althea Thompson with administration. No investigation occurred.

16.    On or about November 1, 2023, Ms. Luann Reel failed to assist in transporting a student with self-injurious behavior and was observed attempting to record the incident on her personal cellular phone instead of taking appropriate action. Plaintiff, Fitzgerald Belgrave, reported this conduct and made a complaint with Assistant Principal Althea Thompson.

17.    On or about November 3, 2023, a false allegation was made by the daughter of Ms. Luann Reel's classroom paraprofessional alleging Plaintiff, Fitzgerald Belgrave, threatened to physically harm a student.    Three

paraprofessionals confirmed to Bobby Bosserdate that Fitzgerald Belgrave made no such statement.

18.     On or about November 8, 2023, Plaintiff, Fitzgerald Belgrave, overheard Ms. Luann Reel refer to him as "that darkie" when speaking with Ashley Machiela. This language was racially derogatory and created a hostile work environment. Fitzgerald Belgrave decided to avoid confrontation and planned to file a complaint against Ms. Luann Reel and Ms. Ashley Machiela with administration the following day.

19.     On or about November 9, 2023, the Defendant, The School Board of Flagler County, Florida, placed Plaintiff, Fitzgerald Belgrave, on leave based on another accusation of inappropriate physical contact with a student.  Fitzgerald Belgrave was informed he could not file his discrimination complaint  against Ms. Luann Reel and Ms. Ashley Machiela until the investigation concluded.  Ms. Luann Reel and Ms. Ashley Machiela were the complainants despite not being present during the alleged incident.

20.     As witnessed by other staff members, Ms. Luann Reel was observed on multiple occasions discussing the accusation with the student's parent during the investigation.

21.     In December 2023, both the Department of Children and Families and

the Flagler County Sheriff's Office again found the abuse allegations alleged against Plaintiff, Fitzgerald Belgrave, unfounded.

22.    In February 2024, the Defendant, The School Board of Flagler County, Florida, notified Plaintiff, Fitzgerald Belgrave, of intent to terminate his employment.

23.    Plaintiff, Fitzgerald Belgrave's racial harassment complaint was accepted in March 2024.

24.    During a June 2024 hearing before the Florida Division of Administrative Hearings, it was revealed:

    a.    The November 2021 accuser attempted to retract their statement;

    b.    Plaintiff, Fitzgerald Belgrave's April 2024 racial complaint investigation resulted in only a single interview Ms. Ashley Machiela and not any of the other listed witnesses; and,

    c.    These materials were not disclosed to Fitzgerald Belgrave until the administrative hearing.

25.    Plaintiff, Fitzgerald Belgrave, retained The Harr Law Firm to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its service.

26.    All conditions precedent to the filing of this action have occurred or

been waived.

### COUNT I – VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT

27.    Plaintiff, Fitzgerald Belgrave realleges the allegations contained in paragraphs 1 though 26.

28.    This Count is asserted pursuant to *Title VII* of *the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.*

29.    Plaintiff, Fitzgerald Belgrave, who is African-American is a qualified individual of a protected class as that term is defined by *Title VII* of *the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.*

30.    Plaintiff, Fitzgerald Belgrave, was subjected to disparate treatment, unfounded investigations, denial of advancement opportunities, an inappropriate racial comment, and termination.

31.    Similarly situated non-Black employees were not subjected to comparable scrutiny or discipline.

32.    The Defendant, The Flagler County School Board of Florida's actions were motivated by race.

33 .    Plaintiff, Fitzgerald Belgrave, was subjected to severe and pervasive racial harassment, including racially derogatory remarks.

34.    The Defendant, The School Board of Flagler County, Florida knew or

should have known of the harassment and failed to take corrective action.

WHEREFORE, Plaintiff, Fitzgerald Belgrave, requests a judgment against the Defendant, The School Board of Flagler County, Florida, awarding Plaintiff, Fitzgerald Belgrave damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

,incurred in this action.

### JURY DEMAND

35.    Plaintiff, Fitzgerald Belgrave, demands trial by jury on all issues triable.

Dated this 13th day of May, 2026.

Respectfully submitted

*/s/Jason L. Harr* _____

JASON L. HARR
Florida Bar No.:  0194336
THE HARR LAW FIRM
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
brittanipetrofsky@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866
TRIAL COUNSEL FOR PLAINTIFF
FITZGERALD BELGRAVE

ATTACHMENT

EXHIBIT A - Notice of Right to Sue dated February 18, 2026

# EXHIBIT "A"

 Outlook

---

## Fwd: Response: Your Civil Rights Division Report - 728734-CJG from the Employment Litigation Section

---

**From** Fitzgerald Belgrave <fbelgrave25@gmail.com>

**Date** Wed 2/18/2026 3:33 PM

**To** miriamjuarez@harrlawfirm.com <miriamjuarez@harrlawfirm.com>

Good afternoon,

  This just came across.

---------- Forwarded message ---------
From: **DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>
Date: Wed, Feb 18, 2026 at 3:29 PM
Subject: Response: Your Civil Rights Division Report - 728734-CJG from the Employment Litigation Section
To: <fbelgrave25@gmail.com>



**U.S. Department of Justice**
**Civil Rights Division**

civilrights.justice.gov

728734-CJG

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Feb 18, 2026

Fitzgerald Belgrave

fbelgrave25@gmail.com

Re:      Fitzgerald Belgrave v. Flagler County Schools, et al.,
EEOC Charge No. 510-2025-00370

Dear Fitzgerald Belgrave,

You are receiving this notice because you filed the above charge(s) with the Equal
Employment Opportunity Commission (EEOC), and you or your attorney

specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**.  This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious.  If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Miami District Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/miami/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: fbelgrave25@gmail.com, OUELLETTER@FLAGLERSCHOOL.COM, max.feige@eeoc.gov

## Contact

civilrights.justice.gov

mail    U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

phone    (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
(TTY) (202) 514-0716